[Cite as *Abdalla v. Wilson*, 2019-Ohio-1882.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

GEORGE ABDALLA

     Plaintiff – Appellant

-vs-

DONALD T. WILSON

     Defendant – Appellee

JUDGES:
Hon. William B. Hoffman, P.J
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 18-CA-00112

O P I N IO N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Municipal Court, Case No. 16 CVI 297 |
| JUDGMENT: | Vacated; Final Judgment Entered |
| DATE OF JUDGMENT ENTRY: | May 14, 2019 |

APPEARANCES:

For Plaintiff-Appellant

ROBERT N. ABDALLA, ESQ.
Reese Pyle Meyer PLL
P.O. Box 919
36 North 2nd Street
Newark, Ohio  43058-0919

For Defendant-Appellee

DONALD T. WILSON
7 Meadows Drive
Apt. A
Thornville, Ohio  43076

*Hoffman, P.J.*

**{¶1}** Appellant George Abdalla appeals the judgment entered by the Licking County Municipal Court awarding Appellee Donald T. Wilson damages in the amount of $290.97 for non-return of his security deposit.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant was the landlord of a residence on Lake Drive in Thornville, Ohio, which he rented to Appellee from 2014, to 2016. On September 28, 2016, Appellant filed a civil complaint in the Licking County Municipal Court, Small Claims Division, against Appellee, seeking more than $4,000.00 for damages caused to the rental property. The trial court set the matter for a mediation conference, which was scheduled for November 1, 2016. Appellee did not appear, but he subsequently claimed he had not received his summons in time. After a rescheduled mediation conference, the parties were unable to resolve the dispute.  Both notices sent to Appellee concerning the mediation conference stated:

> If you believe you have a claim against the Plaintiff, you must file a counterclaim with the Court and must serve the Plaintiff and all other parties with a copy of the counterclaim at least seven (7) days prior to the Magistrate's hearing date of the Plaintiff's claim.

**{¶3}** An evidentiary hearing was scheduled before a magistrate for February 23, 2017.  The notice sent to Appellee of the hearing date again included the language concerning the requirement of filing a counterclaim.  Appellee did not file a counterclaim, and trial went forward on Appellant's claims.

**{¶4}** On March 9, 2017, the magistrate issued a decision, finding Appellee had caused $459.03 in damages, but applying a $450.00 security deposit held by Appellant to offset these damages. Thus, judgment was granted in favor of Appellant for the sum of $9.03.

**{¶5}** On March 15, 2017, Appellee, in lieu of filing an objection to the magistrate's decision, filed a request for reconsideration, claiming the $450.00 security deposit mentioned in the magistrate's decision was actually a deposit of $750.00, citing one of the trial exhibits. Appellee also filed a request for findings of fact and conclusions of law.

**{¶6}** On April 4, 2017, the magistrate issued an order modifying his March 9, 2017 decision to grant judgment in favor of Appellee in the amount of $290.97, reflecting the security deposit of $750.00.  Appellant filed a motion to set aside said magistrate's order, arguing Appellee could not obtain a judgment on a claim he did not plead or assert during pre-trial or trial. The magistrate, rather than the trial court judge, issued an entry denying Appellant's motion.

**{¶7}** On May 23, 2017, the trial court issued a judgment entry affirming and adopting the magistrate's April 4, 2017 order and awarding judgment in favor of Appellee for $290.97.   Appellant filed an appeal with this Court.  We found the magistrate's April 4, 2017, order was a nullity, and thus the trial court's May 23, 2017, order was a nullity as well.  We dismissed the appeal on the grounds it was premature. *Abdalla v. Wilson*, 5th Dist. Licking No. 17 CA 0056, 2018-Ohio-500.

**{¶8}** The magistrate filed an amended decision after the dismissal of the appeal, awarding Appellee $290.97.  Appellant filed objections to the decision, arguing Appellee could not recover his security deposit, as he did not set forth a counterclaim alleging

Appellant wrongfully withheld the deposit.  The trial court found pursuant to Civ. R. 15(B), the court should freely allow the pleadings to be amended when the presentation of the merits of the action will be served thereby, and entered judgment in accordance with the magistrate's decision, awarding Appellant $459.03 on his claim for damages and Appellee $750 for the non-return of his security deposit.

{¶9}    It is from the November 6, 2018, judgment of the Licking County Municipal Court Appellant prosecutes this appeal, assigning as error:

THE TRIAL COURT ERRED BY ENTERING JUDGMENT ON APPELLEE'S NON-ASSERTED COUNTERCLAIM.

{¶10}   The trial court found the pleadings were amended to include a claim for non-return of Appellee's security deposit pursuant to Civ. R. 15(B):

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation

of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

**{¶11}** The issue of the security deposit was initially raised by the magistrate:

MR. ABDALLA:  That is what it comes to minus the eight hundred dollars.

THE COURT:  And the eight hundred dollars that is the eight hundred that you had as a security deposit?

MR. ABDALLA:  That was…that was the August… that was the July rent that I was asking for.

THE COURT:  And he paid that?

MR. ABDALLA:  Yes he paid that.

THE COURT:  So then…so then really that listing on here is not accurate you really it is not four thousand six hundred eighty four dollars he paid you six hundred dollars more than or eight hundred dollars more than that and you ended up with three thousand eight hundred eighty four dollars and you didn't have any security deposit is that correct?

MR. ABDALLA:  That…the security deposit was deducted from the 24 times that he was late late [sic] fee.

**{¶12}** Tr. 14-15.

**{¶13}** Appellee testified in his case in chief:

I did give him a deposit of seven hundred fifty dollars I believe it was and um…I believe that those things are documented here so I just don't feel any of it besides the drywall, the hauling, and the siding on the back porch are issues that I should have to pay for I believe.

**{¶14}** Tr. 33.

**{¶15}** We find the record does not support the trial court's finding the parties tried the wrongful retention of the security deposit by express or implied consent. The issue of the security deposit was raised initially by the magistrate, not by either of the parties. Despite receiving written notice on three separate occasions he would have to file a counterclaim if he had a claim against Appellant, Appellee failed to file a counterclaim concerning the security deposit, and he did not raise the issue orally at trial. Further, while the magistrate offset Appellant's damages by the security deposit, the magistrate did not find the pleadings had been amended pursuant to Civ. R. 15(B) based on the evidence presented at trial.

**{¶16}** Further, Appellee did not seek amendment of the pleadings or raise the issue of wrongful retention of the deposit subsequent to trial. His only objection to the magistrate's decision was the amount of the deposit; he did not seek to file a counterclaim based on the limited evidence presented regarding the security deposit, nor did he claim the deposit was wrongfully retained by Appellant.

**{¶17}** Accordingly, we find the trial court erred in amending the pleadings to allow a claim by Appellee for Appellant's failure to return his security deposit. The assignment of error is sustained.

**{¶18}** The judgment of the Licking County Municipal Court is vacated. Pursuant to App. R. 12(B) we hereby enter final judgment in favor of Appellant in the amount of $459.03.

By: Hoffman, P.J.

Wise, John, J. and

Baldwin, J. concur